UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CHAIDEZ,<br><br>    Petitioner,<br><br>v.<br><br>M. BITER,<br><br>    Respondent. | No. 2:18-cv-2807 AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I.    Petition

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

The petition involves petitioner's 1989 convictions in Case Nos. 88720 and 88721, for which he states he was sentenced to seven years and eighth months in prison. ECF No. 1 at 1.

1

Although the asserted grounds for relief are practically indecipherable, it appears that petitioner is attempting to challenge either the conviction itself or his subsequent efforts to reduce his felony convictions to misdemeanors under Proposition 47. In either event, the petition fails to state a claim for relief and should be dismissed.

Under 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." The Supreme Court has interpreted § 2254 as requiring that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (citation omitted). The custody requirement of § 2254 is jurisdictional. Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998) (citation omitted).

Petitioner states that in 1989 he was given a total sentence of seven years and eight months in prison in Case Nos. 88720 and 88721, though he also makes numerous references to a five-year error.[1] ECF No. 1 at 1, 12-38. In light of these allegations, petitioner's current custody cannot be based on the convictions he is attempting to challenge, even if he was subject to an additional five years of confinement.[2]

Moreover, to the extent petitioner's claim is related to the treatment of his felonies under Proposition 47, he fails to state a claim.

> Proposition 47 reclassified as misdemeanors certain offenses that previously were felonies or "wobblers." [n.1] It also added Penal Code section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or

---

[1] It appears that when he was convicted, petitioner was subject to a five-year enhancement which was recorded in the wrong case, and the record was later corrected in 1998. ECF No. 1 at 54.

[2] The petition also references two state court appeals (ECF No. 1 at 1), and review of the combined opinion in those appeals confirms that petitioner has discharged his sentences in Case Nos. 88720 and 88721. Although the opinion states that petitioner was sentenced to fifteen years and eight months in prison, it also states that as of the date of the opinion, October 3, 2017, petitioner had completed his sentence in both cases. People v. Chaidez, Nos. C082672 & C083099, 2017 WL 4377028, at *1 & n.3, 2017 Cal. App. Unpub. LEXIS 6827, at *1-2 (Cal. Ct. App. Oct. 3, 2017).

2

| | |
|---|---|
| 1 | redesignated as misdemeanors. Section 1170.18 allows those currently serving sentences for Proposition 47 eligible felony convictions to petition to have their sentences recalled and be "resentenced to a misdemeanor." (§ 1170.18, subd. (b).) It also allows those who have already completed their sentences for Proposition 47 eligible felony convictions to petition to have their convictions "designated as misdemeanors." (§ 1170.18, subd. (f).) Once an offense is resentenced or redesignated as a misdemeanor it "shall be considered a misdemeanor for all purposes." (Pen. Code, § 1170.18, subd. (k).) |
| | [n.1] Wobblers are "a special class of crimes involving conduct that varies widely in its level of seriousness," and may therefore be "chargeable or . . . punishable as either a felony or a misdemeanor." (People v. Park (2013) 56 Cal. 4th 782, 789, 156 Cal. Rptr. 3d 307, 299 P. 3d 1263 (Park); see also People v. Kunkel (1985) 176 Cal. App. 3d 46, 51, fn.3, 221 Cal. Rptr. 359.) |

People v. Buycks, 5 Cal. 5th 857, 871 (2018) (omission in original) (second footnote omitted). Based on the petition and attachments, it appears that petitioner took advantage of the procedure for reclassifying previous offenses and had some, but not all, of his felonies reclassified as misdemeanors. ECF No. 1 at 1, 17-18, 24-25, 31-34, 58-62. He appears to argue either that all his felonies should have been reclassified or that he should have been resentenced on the reclassified convictions. Id.

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas relief "is unavailable for alleged error in the interpretation or application of state law"). This includes the interpretation or application of state sentencing laws. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (declining to address "[w]hether assault with a deadly weapon qualifies as a 'serious felony' under California's sentence enhancement provisions [because it] is a question of state sentencing law"). In this case, the questions whether all of petitioner's felonies should have been reclassified and whether he should have been resentenced[3] are exclusively questions of state law and therefore not cognizable in federal habeas. Accordingly, the petition should be dismissed for lack of jurisdiction.

---

[3] The California Court of Appeal held that "[s]ince defendant has served his sentence on the prior convictions in this case, he was not entitled to resentencing or a hearing in the trial court." Chaidez, 2017 WL 4377028, at *2, 2017 Cal. App. Unpub. LEXIS 6827, at *5.

II. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE